UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-23770-KMM (Simonton, by consent)

LT'S BENJAMIN RECORDS, INC., and
FRANCISCO SALDANA,

        Plaintiffs,

v.

MACHETE MUSIC a division of UMG
RECORDINGS, INC.,

        Defendant.

_____

UMG RECORDINGS, INC.,

        Counterclaimant,

v.

LT'S BENJAMIN RECORDS, INC. and
FRANCISCO A. SALDANA FERNANDEZ
P/K/A "LUNY,"

        Counterdefendants.

**STIPULATED PROTECTIVE ORDER GOVERNING
<u>USE OF DISCOVERY MATERIALS</u>**

THIS MATTER came before the Court upon the parties' Agreed Motion for Entry of

Stipulated Protective Order Governing Use of Discovery Materials, and the Court, being fully

advised in the premises, hereby ORDERS as follows:

1

I.   **INTRODUCTION**

The parties to this action have each requested in discovery that the other party produce confidential internal documents.  The Court enters this Protective Order pursuant to Fed. R. Civ. P. 26(c).

    A.   *Confidential Information*

"Confidential Information" means any information that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

    B.   *Designated Criteria*

        1.   General Criteria

Confidential information shall not include information that either:

        (a)   Is in public domain at the time of disclosure; or

        (b)   Becomes part of the public domain through no fault of the recipient.

        2.   Confidential information

To the extent allowed by Fed. R. Civ. P. 26, a party shall designate as "confidential" only such information that the party in good faith believes in fact is confidential.  Information is "Confidential" if (a) it has not been intentionally released to the public by the producing party; (b) it cannot be readily obtained from public sources; and (c) disclosure of the information poses a reasonable risk of competitive harm to the producing party or impedes the party's right to privacy under the California Constitution and California law.

### C. Qualified Persons

1. Parties, or officers, employees or representatives of a party.

2. Retained counsel (and their employees who are working on this matter) and in-house counsel for the parties in this litigation who are actively involved in the prosecution or defense of this case;

3. Court and its staff and any other tribunal or resolution officer duly appointed or assigned in connection with this litigation;

4. Independent experts or consultants in this litigation who have been identified in writing by the designating party via facsimile or hand delivery to all other parties at least ten (10) days prior to the disclosure of Confidential Information to such persons, and who have signed an Acknowledgment in the form of Exhibit "A"; and

5. Such other persons as this Court may designate after notice and an opportunity to be heard.

### D. Use of Confidential Information

All Confidential Information produced by a party in the course of this litigation shall be used solely for the purpose of preparation, trial and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### E. Marking of Documents

Documents produced in this litigation may be designated by any party (even if such designating party was not the producing party of the Confidential Information) as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."

### F.   *Disclosure at Depositions*

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, or (b) the deposition of a non-party (which information pertains to a party) may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.  Nothing herein shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all of the parties in writing within ten (10) days of receipt of the transcript of the specific pages and lines of the transcript, which should be treated as Confidential Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody or control.  All deposition transcripts shall be treated as "Confidential" for a period of the ten days after initial receipt of the transcript.

### G.   *Disclosure to Qualified Persons*

Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

### H.   *Unintentional Failure to Designate*

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written

notice of the designation is provided to the receiving party.

### I.      Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently by the producing party.

### J.      Further Disclosure

Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure, or if the Court after notice and an opportunity to be heard orders further disclosure.

### K.      Challenging the Designation

#### 1.      Confidential Information

A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation in good faith disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move the Court for an order removing or altering the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise.

#### 2.      Qualified Persons

In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such a person, the

parties shall first try to resolve the dispute in good faith on an information basis. If the dispute cannot be resolved, the objecting party shall have ten (10) days from the date of the designation (or, in the event Confidential Information is requested subsequent to the designation of the Qualified Person, ten (10) days from the service of the request) within which to move the Court for an order denying the disputed person (a) status as a Qualified Person or (b) access to particular Confidential Information. The motion shall fully and specifically set forth the grounds in support thereof, and the objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious commercial harm.

### L.     *Manner of Use in Proceedings*

The parties shall meet and confer in good faith ten (10) days before a party files an application with this Court requesting that Confidential Information be filed under seal. The parties shall meet and confer in good faith regarding the relevancy of the designated Confidential Information and in an effort to determine whether there is a means of excerpting the document(s) at issue and/or stipulating as to certain facts so as to avoid having to file Confidential Information. If the parties are unable to reach an agreement regarding an alternative to filing the document(s) under seal, the designating party may make an appropriate application to the Court, requesting that the Court consider and permit the Confidential Information be filed under seal. If the designating party makes such an application, the party who sought to file such Confidential Information shall not do so until a final disposition is entered as to the issue of filing the document(s) under seal.

### M.     *Return of Documents*

Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the

persons specified in paragraph 3 shall be, at the option of the producing party, destroyed (with attorney certification representing that such destruction has taken place) or returned to the producing party except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  If, however, evidence at any trial or hearing was filed and maintained under seal, then such evidence shall be returned to the producing party within one hundred twenty (120) days after conclusion of this litigation.  Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

    N.    *Production of Documents Pursuant to Subpoena*

In the event that Confidential Information is subpoenaed by any court, regulatory, administrative or legislative body or any person purporting to have authority to subpoena such information (other than a party to this matter), the responding party shall not produce such information without first giving notice to the producing party to enable the producing party to have a reasonable opportunity to seek protective relief.

    O.    *Use by Counsel in Rendering Advice*

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to the subject matter of this litigation from conveying to any party-client the attorney's evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the

# 278744 v1                                                                 7

client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein if such disclosure would be contrary to the terms of this Protective Order.

### P.     *No Restriction on Party's Use of Its Own Documents*

This order has no effect upon, and shall not apply to, the producing party's use of its own Confidential Information for any purpose following its production.

### Q.     *No Waiver of Privilege or Other Objection*

The inadvertent production of any documents or other information during discovery in this action shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and no party shall be held to have waived any rights by such inadvertent production.  If the producing party provides written notice that a document or information previously produced by that party is privileged or protected work product, the receiving party shall make no use of the document or information pending a determination by the Court as to the propriety of a claim of privilege, except to the extent necessary to address the privilege question before the Court.  Neither the execution of this Confidentiality and Protective Order nor the production or receipt of Confidential Information under this order shall prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery.

### R.     *Duty to Ensure Compliance*

Any party designating any person as a Qualified Person shall have the duty reasonably to ensure that such person observes the terms of this Protective Order and shall be responsible for breach of such duty by such person.  The original Acknowledgment described in paragraph 3

shall be maintained in the possession of the attorneys of record for the party designating a Qualified Person and any other party may, for good cause shown, petition the Court; for production of such Acknowledgment.

### S. *Modification and Exceptions*

Any party may seek an order of this Court affording additional protection to Confidential Information or other confidential information, or otherwise modifying this Protective Order.

The parties may, by stipulation, provide for exceptions to this Protective Order.

DONE AND ORDERED in Miami, Florida this _16th__ day of June, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**[EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER]**

**ACKNOWLEDGEMENT AND REPRESENTATION OF**

**PERSONS HAVING ACCESS TO CONFIDENTIAL INFORMATION**

I hereby agree to abide by the terms of the Confidentiality and Protective Order (the "Protective Order") entered in the action captioned *LT's Benjamin Records, et. al. v. Machete Music*, a division of UMG Recordings, Inc., Case No. 09-23770, pending in the United States District Court for the Southern District of Florida (the "Lawsuit"), in order to gain access to non-public, confidential information and information otherwise protected by the Protective Order. Accordingly, I further represent to the Court the following:

    1.    I have read the Protective Order and I understand its provisions and terms. I understand that I have the right to consult an attorney regarding the meaning of any provision of the Protective Order or this Acknowledgement and Representation. Any questions I had regarding the Protective Order or this Acknowledgement and Representation have been answered by counsel.

    2.    My current address and telephone number are:

        Address:_____

        _____

        Telephone:_____

    3.    My current job title and employer are:

        _____

        _____

4. My current employer's address is:

_____

_____

5. I agree that I will use information I learn as a result of having access to Confidential Information protected under the Protective Order solely for purposes of the Lawsuit and for no other purposes, and shall not disclose Confidential Information except as authorized by the Protective Order.

6. I shall return to counsel all materials containing information protected under this Protective Order within the earlier of ten (10) days of my termination of participation in the Lawsuit or sixty (60) days of my receipt of notice of termination of the Lawsuit.

7. I hereby submit myself to the jurisdiction of the District Court of the Southern District of Florida for the enforcement of these representations.

8. I understand and agree that violation of the Protective Order or making any misrepresentations in this Acknowledgement and Representation may subject me to contempt proceedings brought under the laws of the United States.

9. I declare under penalty of perjury that the foregoing statements and representations are true and correct.

Executed this \_\_\_\_\_ day of _____, 2010, at _____, _____.

By: _____

(Type or Print Name)