UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23770-CIV- MOORE/SIMONTON
<u>CONSENT CASE</u>

LT's BENJAMIN RECORDS, INC.,
and FRANCISCO SALDANA,

    Plaintiffs,

v.

MACHETE MUSIC,

    Defendant.
_____/

UMG RECORDINGS, INC.
and MACHETE MUSIC,

    Counterplaintiffs,

v.

LT's BENJAMIN RECORDS, INC.,
and FRANCISCO A. SALDANA
FERNANDEZ, p/k/a "Luny,

    Counterdefendants.
_____/

### ORDER, AFTER HEARING, ON PLAINTIFFS' MOTIONS TO COMPEL

Presently pending before the Court are Plaintiffs' Motions To Compel better responses to discovery (DE ## 47, 48). The motions are fully briefed (DE ## 61, 62, 78, 81). On June 17, 2010, the undersigned heard argument on the motions, at which time oral rulings were made. All oral rulings made at the hearing are incorporated into this Order. For the reasons stated below, the motions are granted in part.

Plaintiffs are proceeding under a four-count Amended Complaint. In Count I, Plaintiff LT's Benjamin Records (hereafter LT), alleges that Defendant Machete Music (hereafter Defendant) has breached the August 13, 2007 contract between LT and

Defendant (hereafter the Agreement).  In Count II, LT requests an accounting of the relationship between LT and Defendant and the payment of monies due to LT.  In Count III, Plaintiffs LT and Francisco Saldana (hereafter Saldana), request declaratory relief that a) Defendant has breached the terms of the Agreement because the terms of the Agreement and the restrictive covenants therein violate Florida statutes, and b) Saldana owes no further personal services to Defendant.  In Count IV, Saldana alleges that Defendant violated Fla. Stat. § 542.22 by attempting to enforce the restrictive covenant contained in the Agreement, and requests triple damages for the alleged restraint of trade (DE # 22).

Specifically, Plaintiffs allege that Defendant owes them:  $52,000 pursuant to a "controlled producer advance" (DE # 22 at 2, ¶8); yearly overhead expenses in the amount of $225,000 for the years 2007, 2008 and 2009 (DE # 22 at 2-3, ¶9); $300,000 for two artist signing advances at $150,000 each (DE # 22 at 3, ¶10); $40,000 for studio time (DE # 22 at 3, ¶13); a minimum sum of $40,000 for Saldana's services as a producer to produce up to 10 third party recordings, at $4,000 per recording (DE # 22 at 3-4, ¶14); up to $1,500,000 in Defendant's net proceeds for albums recorded with certain artists (DE # 22 at 4, ¶15); $400,000 in advances (DE # 22 at 5, ¶18); and an accounting and a payment of 49% of the profits (DE # 22 at 3, ¶¶11, 12).  Plaintiffs also allege that Defendant would not accept other recordings from Plaintiffs made by "dark skinned Latin artists" (DE # 22 at 4, at ¶16), and that Defendant failed to exercise its reasonable efforts to market, promote and distribute the recordings delivered by Plaintiffs and spend at least $75,000 on each album (DE # 22 at 4, at ¶17).  Finally, Plaintiffs allege that Defendant was required to assign to Plaintiffs ownership interests in certain recordings, but did not do so (DE # 22 at 5, at ¶20).  Plaintiffs submit that they have completed all of their

obligations under the Agreement (DE # 22 at 5, at ¶20).[1]

The instant motions to compel followed.

Based on a review of the record as a whole, and for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motions To Compel better responses to discovery (DE ## 47, 48), are **GRANTED in part**, as follows, with respect to all albums which the parties agree fall under the Agreement:

1) Pursuant to Fed.R.Civ.P. 33(a)(1) and 26(b)(2)(A), the undersigned finds that insofar as Plaintiffs have served more than 25 interrogatories on Defendant, that Plaintiffs are granted leave to do so due to the focus and relevance of the inquiries and the complexity of the case. On or before July 1, 2010, Defendant must provide responses to all interrogatories to which it did not respond previously due to its objection that Plaintiffs had propounded more than 25 interrogatories.

2) Relating to LT's requests for production, on or before July 1, 2010, Defendant must produce the Soundscan reports, sales reports, marketing expenses, accounting statements, and profit and loss statements, and backup documentation;

3) Defendant stated at the hearing that it will produce the recording agreement between Wisin and Yandel and UMG by June 22, 2010;

4) As to LT's Interrogatories 1 and 2, Bryan Alvarez was deposed pursuant to Rule 30(b)(6), so LT's request for an amended disclosure as to him is moot; Ellie Juarez's deposition is scheduled, so LT's request for an amended disclosure as to her is moot;

---

[1] UMG Recordings, Inc. and Defendant Machete Music have filed an Amended Ccounterclaim against Plaintiffs (DE # 38), which Plaintiffs have answered (DE # 44).

3

and Defendant has agreed to amend its Rule 26 disclosure as to Mark Berger by July 1, 2010;

5) Pursuant to LT's Interrogatory 10, if the amount of the settlement paid to EMI Music Publishing and/or the Harry Fox Agency has been deducted from the profits due to Plaintiff Saldana under the Agreement, then on or before July 1, 2010, Defendant must produce the documents relating to the settlement, including backup documents;

6) Pursuant to LT's Interrogatory 12, Defendant agreed at the hearing to produce responsive documents when the confidentiality order was signed.  The confidentiality order was entered on June 16, 2010.  Therefore, on or before July 1, 2010, Defendant must produce all documents responsive to this Interrogatory;

7) As to Saldana Interrogatory 6, on or before July 1, 2010, Defendants must supplement their response, especially with regard to the dates, documents and persons requested, listing with particularity the documents Defendant has produced which are responsive to this interrogatory;

8) As to Saldana Interrogatory 8, on or before July 1, 2010, Defendants must supplement their response to provide some estimate of damages and the documents upon which the estimate is based, listing with particularity the documents Defendant has produced which are responsive to this interrogatory;

9) As to Saldana Interrogatory 13, Defendants' objections are overruled.  On or before July 1, 2010, Defendants must fully respond to this interrogatory and produce the royalty/accounting statements requested.  It is further

**ORDERED** that on or before July 6, 2010, Plaintiffs may file a renewed motion to compel discovery.  One of the main unresolved issues concerns whether certain albums

fall within the scope of the Agreement. Plaintiffs contend that they do, arguing that tracks on the albums are the same as tracks on master recordings which are part of the agreement. Defendant contends that those tracks are from different master recordings, and therefore are outside the Agreement. The parties must confer regarding this issue, and during its good faith effort to resolve this issue, Defendant must provide Plaintiffs with evidence that there were new master recordings made with respect to those albums. In a renewed motion, Plaintiffs shall set forth their good-faith basis why the albums at issue here fall within the Agreement. This argument shall include exhibits and any other support for Plaintiffs' position. Plaintiffs may also raise other discovery issues in their motion. Defendant shall file its response by July 23, 2010. This response shall include, but is not limited to, argument that describes Defendant's position that none of the albums at issue here fall within the Agreement. Defendant's argument shall also include exhibits and any other support for Defendant's position. Plaintiffs shall file their reply on or before July 26, 2010. A discovery conference and hearing on Plaintiff's renewed motion to compel is set for Thursday, July 29, 2010, at 10:00 a.m. in the 8th Floor Courtroom, 301 N. Miami Avenue, Miami, Florida, in front of Magistrate Judge Andrea M. Simonton.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 25, 2010

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:
All counsel of record